UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 07-CR-0380 (PJS/RLE) |
| Plaintiff, | |
| v. | ORDER |
| JAVIER GARCIA TORRES, | |
| Defendant. | |

This matter is before the Court on defendant Javier Garcia Torres's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

In an order dated January 14, 2010, the Court explained that Torres's petition appears to be barred by the one-year statute of limitations found in 28 U.S.C. § 2255(f). Docket No. 77. The Court ordered Torres to show cause, by January 28, 2011, why his petition should not be dismissed as untimely. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (holding that "a court must accord the parties fair notice and an opportunity to present their positions" before *sua sponte* dismissing a § 2254 petition as untimely).

On February 7, 2011, the clerk docketed Torres's response. Docket No. 78. Torres did not date his response and did not make any representation as to when he deposited the response in his prison's mail system. *See id*. The response is postmarked February 1, 2011, and thus appears to be untimely. Docket No. 78-1. Even assuming, though, that Torres's response to the Court's order to show cause was timely under the prison-mailbox rule, see *Houston v. Lack*, 487 U.S. 266, 270 (1988), Torres has not demonstrated that his § 2255 motion was timely filed.

Torres's argument as to why his motion should not be dismissed pursuant to § 2255(f)'s one-year period is confusing.  At times, Torres seems to argue that the Court's January 14 order incorrectly calculated the date that his judgment of conviction became final — and thus incorrectly calculated the one-year period that runs from that date — because the Court did not account for the petition for a writ of certiorari that was filed in his case.  At other times, Torres seems to argue that, if his lawyer neglected to file a certiorari petition, the one-year period should be tolled to account for the fact that he was not aware that the petition was not actually filed.  At yet other times, Torres argues that his motion is not untimely because he may challenge his sentence at any time through a petition for a writ of coram nobis.

Torres's contention that he filed a petition for a writ of certiorari is not credible.  The clerks of this District and of the United States Court of Appeals for the Eighth Circuit routinely docket notices of petitions for certiorari, as well as notices of a petition's grant or denial.  No such notices appear anywhere on the lower-court dockets in this matter.  Moreover, the Court could not find any indication that Torres had filed a certiorari petition on the docket of the United States Supreme Court, through a Westlaw search of the SCT database, on in United States Law Week.  The Court can only conclude that Torres never filed a petition for a writ of certiorari and that the Court's initial conclusion was correct:  Torres's judgment of conviction became final on July 26, 2009.[1]

Torres's argument regarding equitable tolling also must fail.  Torres suggests that, even if no certiorari petition was ever filed, his attorney *represented* that a petition would be filed on

---

[1]As Torres correctly notes in his response, the Eighth Circuit has held that § 2255(f) is not jurisdictional.  *See Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir. 1999).  But that does not mean, as Torres seems to think, that a Court may simply ignore the law.  Section 2255(f) is a statute of limitations, and courts must dismiss motions that are not filed within its limitations period.  *Id*.

Torres's behalf, and Torres was not aware that his attorney had failed to follow through. Torres seems to suggest that, because he was not aware that his lawyer did not file a petition, § 2255(f)'s one-year period never began to run — or at least, that it began to run sometime after July 26, 2009. *See* 28 U.S.C. § 2255(f)(4) (one-year period may not begin to run until "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence"); *Anjulo-Lopez v. United States*, 541 F.3d 814, 817-18 (8th Cir. 2008) (relevant issue in determining when one-year period began is "'when a duly diligent person in petitioner's circumstances would have discovered that no appeal had been filed'" (quoting *Wims v. United States*, 225 F.3d 186, 190 (2d Cir. 2000)). The Court disagrees. The Eighth Circuit issued its mandate in Torres's case on May 20, 2009; Torres did not file his motion until January 10, 2011. A diligent person in Torres's position would have discovered his lawyer's failure to file a certiorari petition well before January 10, 2010 — almost eight months after the Eighth Circuit issued the mandate in his case. *See Anjulo-Lopez*, 541 F.3d at 818.

Finally, Torres's argument that his motion should not be considered untimely because he could at any time, and in the alternative, challenge his sentence through a petition for a writ of coram nobis is also unavailing. The Court notes, first, that even if Torres *could* file a petition for a writ of coram nobis at any time, he *did not* file a petition for a writ of coram nobis. Instead, he filed a § 2255 motion. Such motions are governed by § 2255(f)'s one-year limitations period. And though the Court construes pro se pleadings liberally, it will not construe Torres's § 2255 motion as a petition for a writ of coram nobis for the simple reason that he cannot challenge his sentence through a petition for a writ of coram nobis.

"The All Writs Act [under which courts may issue writs of coram nobis] is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States*, 517 U.S. 416, 429 (1996). Section 2255 specifically addresses how a prisoner may challenge his sentence, and § 2255 is therefore "controlling" even where, as here, the prisoner cannot obtain relief because he is barred from bringing a § 2255 motion. *United States v. Noske*, 235 F.3d 405, 406 (8th Cir. 2000). Allowing Torres to attack his sentence under the guise of seeking coram nobis relief would "circumvent the clear congressional directive embodied" in § 2255. *Id*. (internal quotation omitted).

Because Torres has presented no reason to believe that his motion is timely, the Court concludes that Torres's motion is barred under § 2255(f)(2)-(4). The Court therefore dismisses Torres's motion under Rule 4(b) of the Rules Governing § 2255 Proceedings.

ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that the motion of Javier Garcia Torres under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [Docket No. 75] is DISMISSED. No certificate of appealability will issue.

Dated: February 10 , 2011  s/Patrick J. Schiltz
                           Patrick J. Schiltz
                           United States District Judge